ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| MUNICIPIO AUTÓNOMO DE JAYUYA<br><br>Apelado<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO<br><br>Apelante | TA2025AP00375 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: UT2024CV00334<br><br>Sobre: Expropiación forzosa |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de enero de 2026.

Compareció la Autoridad de Acueductos y Alcantarillados de Puerto Rico (en adelante, "AAA") mediante el recurso de apelación de epígrafe presentado el 24 de septiembre de 2025. Nos solicita la revisión de una *Sentencia Final* emitida el 3 de agosto de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Utuado (en adelante, "Foro de Instancia"). En el aludido dictamen, se concedió una petición de expropiación forzosa presentada por el Municipio Autónomo de Jayuya.

Por los fundamentos que expondremos a continuación, se **revoca** la *Sentencia Final* apelada.

**-I-**

El 15 de julio de 2024, el Municipio Autónomo de Jayuya (en adelante, "Municipio de Jayuya") presentó *Petición*[1] sobre expropiación forzosa para adquirir un terreno propiedad de la AAA en el cual tiene el interés público de *desarrollar construcción de un*

---
[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 1.

*puente de acceso en la carretera PR-144*. Además, adjuntó varios documentos como anejos. Entre ellos, el *Informe de Tasación* — preparado en el año 2014— que estima la justa compensación por $44,000.00.[2]

El 26 de agosto de 2024, AAA presentó *Moción asumiendo representación legal* a través de la Lcda. Conchita Toro Rivera.[3]

El 21 de octubre de 2024, el Foro de Instancia ordenó al Municipio de Jayuya a presentar un nuevo informe de tasación que cumpliera con las disposiciones de las Reglas de Procedimientos Civil, Código Municipal de 2020 y la Ordenanza Municipal en cuestión.[4]

Tras la concesión de varias prórrogas para cumplir con el perfeccionamiento de la *Petición*, el 11 de febrero de 2025, el Municipio de Jayuya presentó su Informe de Valoración preparado por el Sr. Felipe R. Ortiz del Valle.[5] En este informe, el tasador estimó que la justa compensación por la propiedad es de $0.00, debido a los costos de demolición y limpieza del terreno. Además, el Municipio de Jayuya solicitó un término adicional para presentar la revisión del referido informe.

El 9 de junio de 2025, el Municipio de Jayuya presentó la revisión del informe de valoración preparado por el Sr. Carlos Xavier Vélez.[6] En dicha revisión, el tasador concluyó que el informe de valoración cumplía con todas las regulaciones aplicables de la profesión y reafirmó que el valor adjudicado de $0.00 por compensación es aceptable.

En consideración a lo anterior, el 20 de junio de 2025, el Municipio de Jayuya instó una *Petición Enmendada*.[7]

---

[2] *Id.,* anejo 6.
[3] SUMAC-TPI, entrada núm. 7.
[4] SUMAC-TPI, entrada núm. 13.
[5] SUMAC-TPI, entrada núm. 18.
[6] SUMAC-TPI, entrada núm. 23.
[7] SUMAC-TPI, entrada núm. 28.

Ese mismo día, 20 de junio de 2025, el Foro de Instancia emitió una *Resolución* en la cual determinó que el Municipio de Jayuya tenía derecho al dominio de la propiedad en cuestión y concedió a las partes con interés un término de treinta (30) días para entregar la misma. En igual fecha, la Secretaría del Tribunal emitió un mandamiento dirigido a la AAA.[8]

Posteriormente, el 22 de julio de 2025, el Foro de Instancia le ordenó a la AAA a exponer la razón por la cual no se deba dictar sentencia final dentro del término de 10 días.[9]

Así las cosas, el 3 de agosto de 2025, el Foro de Instancia emitió *Sentencia Final* en la que declaró ha lugar la *Petición* de expropiación forzosa, toda vez que expiró el término concedido sin que la AAA compareciera.[10]

El 18 de agosto de 2025, la AAA instó *Moción solicitando reconsideración de sentencia.*[11] Allí explicó que tanto sus tasadores como su representación legal estaban impedidos de realizar las gestiones y evaluaciones pertinentes para presentar argumentos sustentados al Tribunal, debido a que estos se encontraban en proceso de renovación de contrato. Por lo cual, la AAA solicitó al Foro de Instancia que le considera un término adicional para exponer sus planeamientos en derecho.

El 8 de septiembre de 2025, el Municipio de Jayuya presentó su *R[é]plica a moción "solicitando reconsideración de sentencia"*.[12] En esencia, argumentó que el informe de valor fue notificado oportunamente el 11 de febrero de 2025 y, por lo cual, señaló que la AAA tuvo tiempo suficiente —4 meses— para preparar su propio informe pericial, de haber sido su interés. Pese a lo anterior, sostuvo que el Foro de Instancia le concedió un término adicional para que

---

[8] SUMAC-TPI, entrada núm. 31.
[9] SUMAC-TPI, entrada núm. 32.
[10] SUMAC-TPI, entrada núm. 33.
[11] SUMAC-TPI, entrada núm. 36.
[12] SUMAC-TPI- entrada núm. 38.

respondiera el informe y aun así la AAA no compareció. Por tanto, alegó que la AAA renunció a su derecho de interponer oposición, objeción o defensa a la adquisición forzosa.

Ante esto, el 9 de septiembre de 2025, el Foro de Instancia emitió y notificó una *Resolución Interlocutoria* en la que denegó reconsiderar su determinación.[13]

Inconforme, el 24 de septiembre de 2025, la AAA acudió ante nos mediante el recurso de epígrafe y señaló la comisión de los errores siguientes:

1. PRIMER SEÑALAMIENTO DE ERROR:

   Erró el Tribunal de Primera Instancia de Utuado en el caso UT2024CV00334 sobre Expropiación Forzosa, al dictar sentencia sin considerar el derecho aplicable sobre la justa compensación requerida para al llevar [sic] a cabo una expropiación forzosa conforme a derecho.

2. SEGUNDO SEÑALAMIENTO DE ERROR:

   Erró el Tribunal de Primera Instancia de Utuado en el caso UT2024CV00334 sobre Expropiación Forzosa, al no conceder la reconsideración oportunamente solicitada y fundamentada con justa causa, lo cual constituyó un abuso de su discreción.

Tras la concesión de una prórroga, el 24 de noviembre de 2025, el Municipio de Jayuya presentó su alegato en oposición.

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Abuso de discreción**

Las decisiones del Tribunal de Primera Instancia merecen gran deferencia, toda vez que conoce mejor las particularidades del caso y está en mejor posición para tomar las medidas necesarias para cimentar el curso de acción hasta obtener una disposición final. *Citibank et al v. ACBI et al.,* 200 DPR 724, 735-736 (2018); *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 306-307 (2012). Por

---

[13] SUMAC-TPI, entrada núm. 39.

ello, los foros primarios "cuentan con una discreción que es inherente a su función de resolver los casos y controversias que llegan ante su consideración". *Pueblo v. Custodio Colón*, 192 DPR 567, 588 (2015).

Siendo así, la regla general es que los tribunales apelativos no deben intervenir con las determinaciones del foro primario ni sustituir su criterio, salvo que las decisiones emitidas sean arbitrarias o constituyan un abuso de discreción judicial. *Citibank et al. v. ACBI et al.*, supra, pág. 736; *Pueblo v. Custodio Colón*, supra, pág. 589.

En nuestro ordenamiento, la "discreción judicial" se refiere a la facultad de un tribunal de justicia para resolver de una forma u otra, o de escoger entre varios cursos de acción. *Citibank et al. v. ACBI et al.*, supra, pág. 735; *García v. Asociación*, 165 DPR 311, 321 (2005). Además, se ha interpretado que la discreción está atada al concepto de razonabilidad y, a la vez, se fundamenta en un sentido llano de justicia. *Id.* Esto es, la "discreción es una forma de razonabilidad que aplica al discernimiento judicial para llegar a una conclusión justiciera". *Id.*

A esos efectos, un tribunal incurre en abuso de discreción cuando: "(1) el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (2) el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en él, o (3) a pesar de tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez sopesa y los calibra livianamente". *Pueblo v. Custodio Colón*, supra, pág. 589; véase, además, *Citibank et al. v. ACBI et al.*, supra, pág. 736.

**B. Justa compensación**

La Constitución de Puerto Rico reconoce el derecho fundamental al disfrute de la propiedad. Art II, Sec. 7 Const. PR, LPRA, Tomo 1. Sin embargo, este no es absoluto en la medida que cede ante el poder inherente del Estado de adquirir bienes mediante el procedimiento de expropiación forzosa. *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 603 (2021). A su vez, ese poder del Estado queda sujeto al pago de una justa compensación y a las regulaciones provistas por ley. Art. II, Sec. 9, Const. PR, LPRA, Tomo 1. Esto es, "[l]a justa compensación es una de las condiciones constitucionales que tiene que cumplir el Estado para ejercer su poder de expropiación." C. Torres Torres, *La expropiación forzosa de Puerto Rico: ley, jurisprudencia, estudio y guía práctica*, San Juan, 2002, pág. 135. Entendiéndose que:

> [l]a justa compensación a la que tiene derecho la parte con interés en el bien expropiado es aquella lo coloca en una situación económica equivalente a la que estaría de no haberse expropiado la propiedad, es decir, aquella cantidad que representa el valor en el mercado de la propiedad al tiempo de la incautación.

*AAA v. Cortés Flores y otros*, 214 DPR 969, 978 (2024).

Ahora bien, en nuestro ordenamiento, es harto conocido que el procedimiento de expropiación forzosa es regulado por la Ley del 12 de marzo de 1903, según enmendada, conocida como *Ley General de Expropiación Forzosa*, 32 LPRA sec. 2901 *et seq.*, y la Regla 58 de Procedimiento Civil, 32 LPRA Ap. V. Aunque el procedimiento es *in rem* por dirigirse contra la propiedad a expropiar, los estatutos precitados requieren que se acumulen a las partes con interés. *Adm. Terrenos v. Ponce Bayland*, supra, pág. 604. Tras ser emplazadas, esas partes con interés "tendrán derecho a ser oídas con respecto al derecho que puedan tener a la compensación que se fije por el valor de la propiedad expropiada o a los daños que el procedimiento les ocasione." 32 LPRA Ap. V, R. 58.4. Incluso, la Regla 58 de Procedimiento Civil aclara que la falta de notificación a esa parte con interés no afecta la jurisdiccion del tribunal, pero "le

niega eficacia a la determinación de compensación y permite su relitigación". *Id.* Asimismo, establece que la parte con interés:

> [...] renunciará a todas las defensas y objeciones que no sean así presentadas, pero en la vista de la cuestión de justa compensación haya o no comparecido o contestado con anterioridad a dicha vista, podrá dicha parte demandada ofrecer evidencia en cuanto a la cuantía de la compensación que deba pagarse por su propiedad, y podrá participar en la distribución de la suma adjudicada.

32 LPRA Ap. V, R. 58.5.

Esto es, se desprende de la precitada disposición que, aun cuando la parte con interés no haya comparecido ni presentado objeción "siempre subsistirá su derecho constitucional a impugnar la justa compensación. Así se puede interpretar que para que este derecho se entienda renunciado, no debe existir duda de la intención de renuncia. En ese sentido la manifestación de renuncia debe ser clara y expresa como ocurre con los demás derechos constitucionales." C. Torres Torres, supra, pág. 58.

Respecto a la función de los tribunales en un procedimiento de expropiación forzosa, nuestro Tribunal Supremo ha expresado que:

> [...] **no podemos claudicar nuestra responsabilidad constitucional de determinar una justa compensación en casos de expropiación forzosa**. Asimismo, **la determinación de lo que constituye justa compensación es tarea eminentemente judicial** y esta incluye el correspondiente pago de intereses. Por lo tanto, aunque en el proceso de ejecución forzosa tienen participación las tres ramas de gobierno, cualquier disposición estatutaria al respecto está subordinada a que se cumpla, entre otros elementos, con el requisito constitucional de ofrecer una justa compensación al dueño por la demora del Estado. A su vez, la justa compensación incluye la valoración de la propiedad y el pago de intereses. Los tribunales debemos velar por ello, especialmente al momento de la Sentencia cuando queda finalmente determinada la justa compensación.

*AAA v. Cortés Flores y otros,* supra, págs. 984-985 (énfasis nuestro).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En esencia, la AAA alega que el Foro de Instancia abusó de su discreción al permitir la expropiación de un terreno sin cumplir con el requisito de pagar la justa compensación. En alternativa, sostiene que el Foro de Instancia abusó de su discreción al denegar reconsiderar su determinación, aun cuando se le informó que su demora en comparecer fue a causa del cierre del año fiscal que les impidió contratar a un perito.

Por su parte, el Municipio de Jayuya argumenta que no hay controversia de hechos ni derecho sustantivo, sino que la controversia se reduce a una conducta de rebeldía o dejadez respecto a las órdenes judiciales por parte del apelante. Arguye, además, que este Tribunal debe considerar "si pesa más la materia sustantiva de justa compensación, por oneroso que resulte, o la materia procesal de representación responsable, oportuna y digna, la diligencia afirmativa y oportuna, la defensa de los términos procesales que tanto se nos exige a la profesión y sobre todo el respeto a las órdenes judiciales". Véase, SUMAC-TA, entrada núm. 6, págs. 12-13.

Ciertamente, del expediente surge que previo a que se dictara la sentencia, la apelante compareció en solo una ocasión para asumir representación legal. Véase, SUMUC-TPI, entrada núm. 7. Ello, a pesar de que el Foro de Instancia le concedió un término para exponer las razones por las cuales no se debía dictar sentencia final. Véase, SUMUC-TPI, entrada núm. 32. Por lo cual, el Foro de Instancia concedió la expropiación forzosa a favor del Municipio de Jayuya. Véase, SUMUC-TPI, entrada núm. 33.

Ahora bien, como mencionamos en el acápite II, el Estado tiene el poder inherente de adquirir bienes mediante el procedimiento de expropiación forzosa regulado por la *Ley general de expropiación forzosa*, supra, y la Regla 58 de Procedimiento Civil,

*supra.* No obstante, el Estado por virtud del mandato constitucional y como cuestión del proceso establecido en las Reglas de Procedimiento Civil que rigen estos procesos, tiene que satisfacer el pago de una justa compensación a la parte con interés en la propiedad a expropiarse. La respectiva parte con interés tiene derecho a comparecer y presentar objeciones sobre la justa compensación durante el procedimiento. 32 LPRA Ap. V, R. 58.4. Aun cuando esa la parte de interés se abstenga de así hacerlo, no se entenderá que ha renunciado a ese derecho de impugnar la justa compensación, salvo lo haga constar expresamente. Véase, 32 LPRA Ap. V, R. 58.4 y 58.5; C. Torres Torres, *supra*, pág. 58. Además, nuestra Alta Curia ha establecido que la justa compensación es determinada por los tribunales al momento de la sentencia y, por tanto, su función última es proteger la justa compensación de la persona expropiada, a saber:

> [...] nada debe desvirtuar que la determinación final sobre si la compensación es suficiente y razonable recae en la discreción de los tribunales; que el norte de nuestra determinación siempre debe ser cumplir con el mandato constitucional de que la persona afectada quede en la misma posición que hubiese estado del pago haber coincidido con la expropiación, y que el pago de intereses es parte integral de la justa compensación. Por ello, los tribunales no debemos cumplir ciegamente con las disposiciones estatutarias que afecten la compensación, pues es un asunto de derecho sustantivo y constitucional. Por lo tanto, cualquier expresión legislativa al respecto queda supeditada a la determinación de los tribunales de que se provea una justa compensación en el caso ante su consideración.

*AAA v. Cortés Flores y otros*, supra, pág. 982.

Considerando lo anterior y tras analizar el expediente de autos, nos percatamos que el Foro de Instancia dictó *Sentencia Final* sin consignar expresamente el valor de la justa compensación requerido por mandato constitucional. Además, determinamos que el Foro de Instancia —antes de dictar sentencia según las alegaciones— debió procurar obtener el informe de impugnación de la AAA, toda vez que el informe de valorización presentado por el Municipio de Jayuya estimó $0.00 de justa compensación. Por

tanto, consideramos que el Foro de Instancia no sopesó el mejor interés público ni tuvo un expediente completo al momento que concedió la expropiación a favor del Municipio de Jayuya.

Siendo así, estimamos procedente concluir que el Foro de Instancia abusó de su discreción al no realizar una determinación expresa en torno a la justa compensación. Debemos recordar que la determinación de la justa compensación es una tarea eminentemente judicial, por lo que es improcedente acoger la justa compensación alegada por la Estado, en este caso el Municipio de Jayuya, sin pasarla por el escrutinio judicial. *AAA v. Cortes Flores*, supra.

**-IV-**

Por los fundamentos previamente expuestos, **se revoca** la *Sentencia Final* apelada y **se le impone una sanción de ciento cincuenta dólares ($150.00) a la AAA,** debido a su incumplimiento con las órdenes judiciales. Esta sanción será pagadera a favor de la parte contraria conforme a la Regla 44.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.2 en un término de **treinta (30) días**, a partir de la notificación del mandato en el presente caso.  En ese mismo término, la AAA deberá presentar su informe de impugnación ante el Foro de Instancia.

En consecuencia, **se devuelve** el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones